IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ANTHONY EVANS | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Case No. 1:20-cv-01057-RP |
| | § | |
| CITY OF AUSTIN and JOHN DOE | § | |
| | § | |
| Defendants | § | |

### DEFENDANT CITY OF AUSTIN'S AMENDED ANSWER
### TO PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE ROBERT PITTMAN:

COMES NOW, Defendant the City of Austin (the "City") and files its Amended Answer to Plaintiff's Original Complaint, and respectfully shows as follows:

1. <u>Answer to Paragraph 1</u>: The City admits the allegations of paragraph 1.

2. <u>Answer to Paragraph 2</u>: The City admits the allegations of paragraph 2.

3. <u>Answer to Paragraph 3</u>: The City denies that there is any Austin Police Department ("APD") police officer named John Doe and therefore the City lacks information sufficient to admit or deny the allegations in paragraph 3. The City denies that any APD police officer named John Doe can be served at 715 E. 8th Street, Austin, Texas 78701. The City has previously provided Plaintiff's counsel with the name of the APD officer identified by the City based on the factual allegations of Plaintiff's Original Complaint.

4. <u>Answer to Paragraph 4</u>: The City admits that Plaintiff alleges a claim under 42 U.S.C. § 1983, therefore this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5. <u>Answer to Paragraph 5</u>: The City admits that this Court has personal jurisdiction over the City. The City denies that there is any APD police officer named John Doe and therefore the City lacks information sufficient to admit or deny the remainder of the allegations in paragraph 5.

6. <u>Answer to Paragraph 6</u>: The City admits that this Court has personal jurisdiction over the City. The City denies that there is any APD police officer named John Doe and therefore the City lacks information sufficient to admit or deny the remainder of the allegations in paragraph 6.

7. <u>Answer to Paragraph 7</u>: The City admits that venue is proper in the U.S. District Court for the Western District of Texas.

8. <u>Answer to Paragraph 8</u>: The City agrees in response to paragraph 8 that black lives matter.

9. <u>Answer to Paragraph 9</u>: The City admits the allegations of Paragraph 9.

10. <u>Answer to Paragraph 10</u>: The City admits that on May 31, 2020 Plaintiff was in downtown Austin. Otherwise, the City lacks sufficient information to admit or deny the remainder of the allegations of paragraph 10.

11. <u>Answer to Paragraph 11</u>: The City denies that APD officers fired weapons without provocation. The City admits Anthony walked south with one arm raised. Otherwise, the City lacks sufficient information to admit or deny the allegations of paragraph 11.

12. <u>Answer to Paragraph 12</u>: Other than the fact that Evans was part of a large crowd of people, many of whom were engaged in violent or otherwise threatening behavior, the City admits that it does not have any information indicating that Evans engaged in any threatening conduct on May 31, 2020. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 12.

13. <u>Answer to Paragraph 13</u>: The City admits that it does not have any information indicating that Evans was in possession of a weapon on May 31, 2020. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 13.

14. <u>Answer to Paragraph 14</u>: Other than the fact that Evans was part of a large crowd of people, many of whom were engaged in violent or otherwise threatening behavior, the City admits that it does not have any information indicating that Evans engaged in any threatening conduct on May 31, 2020. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 14.

15. <u>Answer to Paragraph 15</u>: Other than the fact that Evans was in a large crowd of people, many of whom were engaged in violent or otherwise threatening behavior, the City admits that it does not have any information indicating that Evans was guilty of any criminal conduct on May 31, 2020. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 15.

16. <u>Answer to Paragraph 16</u>: The City's ability to disclose information in its possession is restricted by *Garrity v. New Jersey*, 385 U.S. 493 (1967), Texas Local Government Code § 143.089, and the meet and confer agreement between the City and the Austin Police Association. Based on the information available that the City is permitted to disclose, the City admits in response to the allegations of paragraph 16 that Evans was struck by a projectile fired by an APD police officer. The City has disclosed the name of the officer to Plaintiff's counsel in its initial disclosure. Otherwise, the City denies the allegations of paragraph 16.

17. <u>Answer to Paragraph 17</u>: The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Evans being struck with a beanbag round. The City admits that Evans was injured as a result of being

impacted by the beanbag round and required medical treatment. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 17.

18. <u>Answer to Paragraph 18</u>: The City admits members of APD used force in response to violence and threats of violence by large crowds on May 30, 2020 and May 31, 2020. Otherwise, the City denies the allegations of paragraph 18.

19. <u>Answer to Paragraph 19</u>: The City admits members of APD used force in response to violence and threats of violence by large crowds on May 30, 2020. Otherwise, the City denies the allegations of paragraph 19.

20. <u>Answer to Paragraph 20</u>: The City denies the allegations of paragraph 20.

21. <u>Answer to Paragraph 21</u>: The City denies the allegations of paragraph 21.

22. <u>Answer to Paragraph 22</u>: The City denies the allegations of paragraph 22.

23. <u>Answer to Paragraph 23</u>: The City denies the allegations of paragraph 23.

24. <u>Answer to Paragraph 24</u>: The City admits that persons were injured as a result of police use of force in response to violence and threats of violence by large crowds on May 30, 2020 and May 31, 2020. The City admits that the use of beanbag shotgun rounds was not prohibited by APD on May 30, 2020 or May 31, 2020. Otherwise, the City denies the allegations of paragraph 24.

25. <u>Answer to Paragraph 25</u>: The City admits that persons were injured as a result of police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 30, 2020 and May 31, 2020. Otherwise, the City denies the allegations of paragraph 25.

26. <u>Answer to Paragraph 26</u>: The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Justin Howell being struck with a beanbag round. The City admits that Justin Howell is a black student.

Otherwise, the City lacks information sufficient to admit or deny the remainder of the allegations of paragraph 26.

27. Answer to Paragraph 27: The City denies the allegations of paragraph 27.

28. Answer to Paragraph 28: The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Maredith Drake being struck with a beanbag round. Otherwise, the City lacks information sufficient to admit or deny the remainder of the allegations of paragraph 28.

29. Answer to Paragraph 29: The City denies the allegations of paragraph 29.

30. Answer to Paragraph 30: The City denies that there is any APD police officer named John Doe. The City denies that the officer that fired the projectile that struck Evans was motivated by any opposition to any message of any demonstrator present on May 31, 2020.

31. Answer to Paragraph 31: The City denies that the officer that fired the projectile that struck Evans did so because of Evans' race. The City denies that APD officers engage, or have engaged over the last several years, in a pattern of excessive force against persons based on race.

32. Answer to Paragraph 32: The City admits that the individuals identified in paragraph 32 except for Jesus Hernandez, were either injured or died due to interactions with members of APD. Otherwise, the City denies the allegations of paragraph 32.

33. Answer to Paragraph 33: The City admits that in October of 2016 the Center for Policing Equity published a document entitled "The Science of Policing Equity Measuring Fairness in the Austin Police Department" the contents of which speak for itself. Otherwise, the City denies the allegations of paragraph 33.

34. Answer to Paragraph 34: The City admits that anonymous reports were made and reported in the news media claiming that Justin Newsom made the statements alleged in paragraph 34,

however the anonymous reports were never verified by anyone with personal knowledge or supported by any documentary evidence. The City admits that Justin Newsom resigned from APD. Otherwise, the City denies the allegations of paragraph 34.

35. <u>Answer to Paragraph 35</u>: Paragraph 35 fails to provide sufficient information for the City to identify the alleged analysis of traffic data referred to, therefore the City lacks sufficient knowledge to admit or deny the statistics alleged in paragraph 35. The City denies the allegations of discrimination made in paragraph 35.

36. <u>Answer to Paragraph 36</u>: The City denies that there is any APD police officer named John Doe. The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Evans being struck with a beanbag round. The City denies the allegation that this was an attack on Evans. Otherwise, the City denies the allegations of paragraph 36.

37. <u>Answer to Paragraph 37</u>: The City denies that there is any APD police officer named John Doe. The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Evans being struck with a beanbag round. The City denies the allegation that this was an attack on Evans. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 37.

38. <u>Answer to Paragraph 38</u>: The City denies that there is any APD police officer named John Doe. The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Evans being struck with a beanbag round. The City admits that other APD officers may have observed the events resulting in Evans being struck by a beanbag round. Otherwise, the City denies the allegations of paragraph 38.

39. <u>Answer to Paragraph 39</u>: The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 31, 2020 resulted in Evans being struck with a beanbag round. The City admits that Evans was injured as a result of being impacted by the beanbag round and required medical treatment. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 39.

40. <u>Answer to Paragraph 40</u>: Per Texas state law, the disciplinary process remains open regarding the allegations in this lawsuit. The disciplinary process is deferred until 30 days after the conclusion of the related criminal process. Otherwise, the City denies the allegations of paragraph 40.

41. <u>Answer to Paragraph 41</u>: The City denies the allegations of paragraph 41.

42. <u>Answer to Paragraph 42</u>: The City pleads that paragraph 42 is not a statement of fact that can be admitted or denied. The City admits that police use of beanbag shotgun rounds in response to violence and threats of violence by large crowds on May 30, 2020 and May 31, 2020 resulted in persons being struck with beanbag rounds and that there were resulting injuries. The City admits that the use of beanbag rounds was not prohibited by APD on May 30, 2020 and May 31, 2020. Otherwise, the City denies the allegations of paragraph 42.

43. <u>Answer to Paragraph 43</u>: The City admits that Chief Manley was aware that the use of beanbag rounds included a risk of injury to persons struck by beanbag rounds. Otherwise, the City denies the allegations of paragraph 43.

44. <u>Answer to Paragraph 44</u>: The City admits that police use of force in response to violence and threats of violence by large crowds on May 30, 2020 and May 31, 2020 resulted in injuries. Otherwise, the City denies the allegations of paragraph 44.

45. <u>Answer to Paragraph 45</u>: The City admits that there have been news reports claiming statements from unidentified medical personnel regarding persons injured on May 30, 2020 and May 31, 2020 and that such reports speak for themselves. Otherwise, the City lacks knowledge sufficient to admit or deny the allegations of paragraph 45.

46. <u>Answer to Paragraph 46</u>: The City admits that there have been news reports regarding injuries that occurred on May 30, 2020 and May 31, 2020 and that such reports speak for themselves. Otherwise, the City denies the allegations of paragraph 46.

47. <u>Answer to Paragraph 47</u>: The City reports that there have been news reports attributing criticism of Chief Manley to several members of the City Council, which news reports speak for themselves. The City denies that Chief Manley ignored a pattern of excessive force and denies that there was an attack on Evans. Otherwise, the City lacks sufficient knowledge to admit or deny the allegations of paragraph 47.

48. <u>Answer to Paragraph 48</u>: The City admits that Chief Manley implemented policy changes after May 31, 2020 and that those policy changes speak for themselves. Otherwise, the City denies the allegations of paragraph 48.

49. <u>Answer to Paragraph 49</u>: The City denies the allegations of paragraph 49.

50. <u>Answer to Paragraph 50</u>: The City denies the allegations of paragraph 50.

51. <u>Answer to Paragraph 51</u>: The City admits that Evans was injured as a result of being impacted by the beanbag round. Otherwise, the City lacks information sufficient to admit or deny the allegations of paragraph 51.

52. <u>Answer to Paragraph 52</u>: Paragraph 52 does not allege facts and therefore requires no response.

53. <u>Answer to Paragraph 53</u>: Paragraph 53 is a legal conclusion and does not require a response. The City denies paragraph 53 to the extent that it alleges retaliation.

54. <u>Answer to Paragraph 54</u>: Other than the fact that Evans was in a large crowd of people, many of whom were engaged in violent or otherwise threatening behavior, the City lacks information sufficient to admit or deny what, if any rights, Evans purported to exercise on May 31, 2020.

55. <u>Answer to Paragraph 55</u>: The City denies the allegations of paragraph 55.

56. <u>Answer to Paragraph 56</u>: The City admits that police use of force in response to violence and threats of violence by large crowds on May 30, 2020 and May 31, 2020 resulted in injuries to several individuals. Otherwise, the City denies the allegations of paragraph 56.

57. <u>Answer to Paragraph 57</u>: Paragraph 57 does not allege facts and does not require a response.

58. <u>Answer to Paragraph 58</u>: The City denies the allegations of paragraph 58.

59. <u>Answer to Paragraph 59</u>: Paragraph 59 does not allege facts and does not require a response.

60. <u>Answer to Paragraph 60</u>: The City denies the allegations of paragraph 60 and subsections a – i.

61. <u>Answer to Paragraph 61</u>: The City denies the allegations of paragraph 61.

62. <u>Answer to Paragraph 62</u>: The City denies the allegations of paragraph 62.

63. <u>Answer to Paragraph 63</u>: The City denies the allegations of paragraph 63.

64. <u>Answer to Paragraph 64</u>: The City admits in response to paragraph 64 that Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

65. <u>Answer to Paragraph 65</u>: The City admits that Plaintiff seeks the damages alleged in paragraph 65. The City denies liability for the damages sought in paragraph 65 a – g.

66. <u>Answer to Paragraph 66</u>: The City admits that Plaintiff seeks the relief alleged in paragraph 66. The City denies liability for the relief sought in paragraph 66 a – d.

## AFFIRMATIVE DEFENSES

67. The City asserts the affirmative defense of qualified/official immunity for employee actions taken in the course and scope of employment with the City of Austin.

68. The City asserts the affirmative defense of governmental immunity for the City of Austin.

69. The City asserts that Plaintiff failed to mitigate damages, if any.

70. The City reserves the right to assert additional affirmative defenses as they become apparent.

## PRAYER

WHEREFORE, Defendant the City of Austin prays that all relief requested by Plaintiff be denied and all claims against the City of Austin be dismissed, and for costs, attorney's fees, and any additional relief to which it is entitled at law or equity.

Respectfully submitted,

*/s/ Daniel R. Richards*
Daniel R. Richards
State Bar No. 00791520
drichards@rrsfirm.com
Clark Richards
State Bar No. 90001613
crichards@rrsfirm.com
**RICHARDS RODRIGUEZ & SKEITH, LLP**
816 Congress Avenue, Suite 1200
Austin, Texas 78701
Telephone: (512) 476-0005
Facsimile: (512) 476-1513
**ATTORNEYS FOR THE CITY OF AUSTIN**

**CERTIFICATE OF CONFERENCE**

I certify that on January 18, 2021, I conferred with counsel for Plaintiff, under F.R.C.P. 15(a)(2), and he consented in writing to the filing of this amended answer.

>*/s/ Daniel R. Richards*
>**DANIEL R. RICHARDS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2021, a true and correct copy of the foregoing document was served by CM/ECF and email to the following:

| | |
|---|---|
| Jeffrey S. Edwards | Aaron von Flatern |
| Scott Medlock | Fogelman & Von Flatern |
| Michael Singley | 3101 Bee Cave Road, Ste 301 |
| David Anthony James | Austin, TX 78746 |
| Edwards Law | Email: aaron@fvlawfirm.com |
| 1101 E. 11th St. | |
| Austin, Texas 78702 | |
| jeff@edwards-law.com | |
| scott@edwards-law.com | |
| mike@edwards-law.com | |
| david@edwards-law.com | |

>*/s/ Daniel R. Richards*
>**DANIEL R. RICHARDS**