UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ANTHONY EVANS, § | |
| *Plaintiff* § | |
| § | |
| v. § | Case No. 1:20-CV-1057-RP |
| § | |
| CITY OF AUSTIN AND JOHN DOE, § | |
| *Defendants* § | |

**O R D E R**

Before the Court are Non-Party Kyle Felton's Opposed Emergency Motion to Quash His Deposition and for a Protective Order and Opposed Motion for Joinder Pursuant to Rule 19, filed on July 27, 2021 (Dkt. 23), and the associated response and reply briefs. On August 5, 2021, the District Court referred the motion to the undersigned Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 28.

### I. General Background

Plaintiff Anthony Evans participated in a Black Lives Matter demonstration against police brutality on May 31, 2020, outside the Austin Police Department ("APD") headquarters in downtown Austin, Texas (the "Protest"). Plaintiff alleges that he decided to walk away from the Protest after APD officers began to fire "dangerous projectile weapons into crowds without provocation." Plaintiff's Original Complaint (Dkt. 1) ¶ 11. As he walked away, Plaintiff alleges, "APD Officer John Doe inexplicably and unreasonably shot him in the face with a potentially lethal projectile." *Id.* ¶ 16. Plaintiff alleges that the projectile, later identified as a bean bag round, fractured his jaw, "causing significant physical pain, mental anguish, impairment, and

disfigurement—injuries that he continues to suffer from, will continue to suffer from in the future, and that required surgery to begin to repair." *Id.* ¶ 17.

On October 20, 2020, Plaintiff filed this suit under 42 U.S.C. § 1983 against APD Officer "John Doe"[1] and the City of Austin ("City") (together, "Defendants"). Plaintiff alleges that Officer John Doe used excessive force against him, in violation of the Fourth and Fourteenth Amendments to the United States Constitution, and retaliated against him for exercising his free speech and assembly rights, in violation of the First Amendment. Plaintiff seeks punitive damages against Officer John Doe. Plaintiff also alleges a First, Fourth, and Fourteenth Amendment Section 1983 claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978),[2] against the City, contending that the City's polices, practices, and customs were the moving force behind Plaintiff's constitutional violations. Several other participants in the Protest have filed similar excessive force lawsuits against the City and APD officers, which are pending before this Court (collectively, the "Related Cases").[3]

In one of the Related Cases, the City identified APD Officer Kyle Felton as the officer who shot Plaintiff. *See* Defendant City of Austin Responses to Plaintiff's First Set of Interrogatories, Dkt. 23-1 in 1:20-cv-00956-RP at 3. On June 4, 2021, the Travis County District Attorney announced that he plans to indict Officer Felton for his actions at the Protest in "early fall of 2021."

---

[1] "Although the use of a 'John Doe' is disfavored, it serves the legitimate function of giving a plaintiff the opportunity to identify, through discovery, unknown defendants." *Green v. Doe*, 260 F. App'x 717, 719 (5th Cir. 2007) (citing *Colle v. Brazos Cty.*, 981 F.2d 237, 243 n.20 (5th Cir. 1993)).

[2] In *Monell*, the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." 436 U.S. at 694.

[3] *Gallagher v. City of Austin* 1:20-cv-00901-RP (W.D. Tex. Aug. 8, 2020); *Drake v. City of Austin*, 1:20-cv-00956-RP (W.D. Tex. Sept. 16, 2020); *Kirsch v. City of Austin*, 1:20-cv-01113-RP (W.D. Tex. Nov. 9, 2020); *Arawn v. City of Austin*, 1:20-cv-01118-RP (W.D. Tex. Nov. 10, 2020); *Beuhler v. City of Austin*, 1:20-cv-01134-RP (W.D. Tex. Jan. 15, 2021); *Talley v. City of Austin*, 1:20-cv-01258-RP (W.D. Tex. Mar. 15, 2021).

Dkt. 23-2 at 7. Although the City identified Officer Felton as the John Doe officer, Plaintiff has not sought to amend his Complaint to substitute Officer Felton for John Doe or otherwise add him as a defendant in this case.

On June 25, 2021, Plaintiff served a deposition notice on Officer Felton commanding him to appear for a deposition on August 9, 2021, pursuant to Federal Rule of Civil Procedure 45(1)(B). Dkt. 23-3. In response, Officer Felton filed this Emergency Motion to Quash the deposition, Motion for Protective Order, and Motion for Joinder. Dkt. 23. On August 9, 2021, the Court held a hearing on the Motion to Quash and issued an Order quashing Officer's Felder's deposition scheduled for that same day. Dkt. 30. The Court now makes the following rulings on Officer Felton's Motion for Protective Order and Motion for Joinder.

## II.    Motion for Joinder

Officer Felton seeks to join this lawsuit as a necessary party under Federal Rule of Civil Procedure 19(a) so that he is able to defend his interests as a "full Defendant." Dkt. 23. Plaintiff argues that Officer Felton's Motion for Joinder should be denied because it is procedurally improper for a non-party to seek joinder under Rule 19. Alternatively, Plaintiff argues that Officer Felton's Motion for Joinder fails on the merits because he is not a necessary party to this suit.

### A.  Legal Standards

Rule 19 provides for the joinder of all parties whose presence in a lawsuit is required for the fair and complete resolution of the dispute at issue. *HS Res., Inc. v. Wingate*, 327 F.3d 432, 438 (5th Cir. 2003). Rule 19 provides a two-step analysis for deciding whether to dismiss an action for failure to join an absent party. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). First, Rule 19(a) provides a framework for deciding whether a person should be joined. *Id.* Second, if joinder is called for, then Rule 19(b) guides the court in deciding whether the suit should be dismissed if that person cannot be joined. *Id.*

The Fifth Circuit has stated that Rule 19 "militate[s] in favor of a highly practical, fact-based decision." *Id.* "While the party advocating joinder has the initial burden of demonstrating that an absent party is necessary, after an initial appraisal of the facts indicates that a possibly necessary party is absent, the burden of disputing this initial appraisal falls on the party who opposes joinder." *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009). The district court has "wide discretion" under Rule 19 to order the joinder of parties. *E.E.O.C. v. Brown & Root, Inc.*, 688 F.2d 338, 341 (5th Cir. 1982).

### B. Plaintiff's Procedural Argument

Rule 19(a) requires a person to be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>   (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Although Rule 19 does not state who may file a motion for joinder, Plaintiff argues that Officer Felton's Motion for Joinder should be denied because it is procedurally inappropriate for a non-party to seek joinder under Rule 19. Instead, Plaintiff contends, Officer Felton should have filed a motion to intervene under Rule 24.

The United States Supreme Court and the Fifth Circuit Court of Appeals have long held that courts may consider a Rule 19 motion for joinder *sua sponte*. *Republic of Philippines v. Pimentel*, 553 U.S. 851, 861 (2008); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110-11 (1968); *Banks ex rel. W.B. v. St. James Par. Sch. Bd.*, 757 F. App'x 326, 331 (5th Cir. 2018) (per curiam); *Pickle v. Int'l Oilfield Divers, Inc.*, 791 F.2d 1237, 1242 (5th Cir.1986).

4

Plaintiff is correct that some courts outside of the Fifth Circuit have held that a non-party's motion for joinder is procedurally inappropriate because "only a party may make a Rule 19 motion." *Arrow v. Gambler's Supply, Inc.*, 55 F.3d 407, 409 (8th Cir. 1995); *see also MasterCard Int'l Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 382 (2d Cir. 2006) ("We find nothing in the text or notes to Rule 19 that would indicate strangers to an action may file motions to dismiss under that rule."); *Est. of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 388 (N.D. Iowa 2011) (holding that Rule 19 motion by nonparty was procedurally inappropriate because "[o]nly parties to a suit may move to join a necessary party pursuant to Rule 19"). These courts reason that the proper procedure for a non-party to join a case is not to file a motion under Rule 19, but rather to file a motion to intervene under Rule 24 because "Rule 24 explicitly contemplates motions by non-parties." *MasterCard Int'l*, 471 F.3d at 382.

Nevertheless, these courts have found that a district court is not prohibited from considering whether the non-party movant is an indispensable party to the underlying litigation because a court may consider that issue *sua sponte*. *Id.* at 382-83; *see also Johnson v. Qualawash Holdings, L.L.C.*, 990 F. Supp. 2d 629, 636 (W.D. La. 2014) ("Thus, even if we assume for the moment that a non-party, such as ICSP, has no right, as a stranger to the action, to submit a motion pursuant to Rule 19, the court is permitted to consider the implications of Rule 19 on an action *sua sponte*."); *Wilton Miwok Rancheria v. Salazar*, No. C-07-02681-JF-PVT, 2011 WL 4407425, at *2 (N.D. Cal. Sept. 22, 2011) (stating that while only a party may make a Rule 19 motion, "a court may join a party for good cause *sua sponte*").

Accordingly, the Court considers whether Officer Felton is an indispensable party under Rule 19.

5

### C. Officer Felton Must be Joined Under Rule 19(a)

To determine whether Officer Felton must be joined under Rule 19, the Court must determine whether (1) Officer Felton has an interest relating to the subject of this lawsuit, and (2) that proceeding without his presence may "as a practical matter impair or impede" his ability to protect that interest. FED. R. CIV. P. 19(a)(1)(B)(i). The Court finds that Officer Felton satisfies both elements.

First, Officer Felton clearly has an interest in the subject matter of this lawsuit because the majority of the claims are directed against John Doe. Specifically, Plaintiff alleges in his Complaint that Officer John Doe (1) used excessive force against him by shooting the bean bag round at Plaintiff "when he posed no danger to anyone," in violation of the Fourth and Fourteenth Amendments; (2) retaliated against Plaintiff for exercising his free speech and assembly rights, in violation of the First Amendment; and (3) engaged in egregious and reckless conduct and, therefore, owes Plaintiff punitive damages. Dkt. 1 ¶¶ 49-58.

The City has identified Officer Felton as John Doe. Plaintiff does not dispute this. As the defendant who faces multiple claims of violating Plaintiff's constitutional rights who could be liable for punitive damages, Officer Felton has a clear interest in the subject matter of this case.

Regarding the second factor, "[a] party is unable to protect its interest when, as a practical matter, the party faces prejudice through a disposition in its absence." *Texas v. Ysleta del Sur Pueblo*, No. EP-17-CV-179-PRM, 2018 WL 7288032, at *7 (W.D. Tex. Aug. 27, 2018). "The court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." *Id.* (citation omitted). The Fifth Circuit has recognized "that the establishment of a negative precedent can provide the requisite prejudice to the absentee." *Pulitzer-Polster*, 784 F.2d at 1310.

The Court finds that proceeding without Officer Felton in this case may impair or impede his ability to protect his interests. Officer Felton cannot defend the constitutionality of his conduct if he is not a party to the case. *See Frazier v. City of Norfolk*, 236 F.R.D. 273, 276 (E.D. Va. 2006) ("As the perpetrators of the alleged constitutional injury on which the city's liability is allegedly based, the officers' presence in the action is plainly desirable under Rule 19(a)."). As a party, Officer Felton will be able to defend this action through the normal discovery processes under the Federal Rules of Civil Procedure and will have access to any confidential documents produced.

In addition, as a practical matter, Officer Felton and the City may not have the same interests in this case. For example, if Plaintiff suffered constitutional injuries at the hands of Officer Felton, the City may avoid liability by showing that Officer Felton did not act pursuant to an official policy or custom. *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) ("To establish municipal liability under § 1983, a plaintiff must show that (1) an official policy (2) promulgated by the municipal policymaker (3) was the moving force behind the violation of a constitutional right.").

Finally, joinder of Officer Felton comports with the federal policy of complete adjudication of disputes. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966) (observing that, under the Federal Rules of Civil Procedure, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged").

Officer Felton has indicated that, if joined as a party, he will file a motion to stay in light of his "looming criminal proceedings."[4] The Court acknowledges Plaintiff's concern that Officer Felton's presence will delay adjudication of this case. Nonetheless, the Court is bound by the

---

[4] Dkt. 23 at 5.

Federal Rules of Civil Procedure and finds that Officer Felton is an indispensable party under Rule 19(a).

Based on the foregoing, Officer Felton's Motion for Joinder is **GRANTED** (Dkt. 23) and the Court **ADDS** Officer Kyle Felton as a Defendant in this case, pursuant to Federal Rules of Civil Procedure Rule 19(a)(2) and 21.

### III.     Motion for Protective Order

Officer Felton asks the Court to issue a protective order "protecting Officer Felton until he is properly added as a necessary party." Dkt. 23 at 5. Because the Court has added Officer Felton as a party, his request is dismissed as moot.

**IT IS FURTHER ORDERED** that the Clerk remove this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on August 24, 2021.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE